## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (this "Settlement Agreement") is entered into by and among **STACY A. HILL**, including his heirs, executors, representatives, agents, insurers, successors, and assigns (hereinafter referred to as "Plaintiff"), and **TASTE RITE, INC. d/b/a Taste Rite, PUERTO SECO, INC. d/b/a Rite, LYNDEN GORDON** and **JENNIFER CLARKE**, including its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, partners, attorneys, insurers and agents, (hereinafter collectively referred to as "Defendants"), and (hereinafter Defendants and Plaintiff collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them prior to the date of this fully executed Settlement Agreement, the Parties enter into this Settlement Agreement and General Release this 4th day of September, agreeing as follows:

1. **General Release.** In consideration for the promises contained in this Settlement Agreement, the Plaintiff unconditionally releases and discharges Defendants (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which Plaintiff now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, that arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or that arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

   - Title VII of the 1964 Civil Rights Act;
   - The Civil Rights Act of 1991;
   - The Age Discrimination in Employment Act;
   - The Older Workers Benefit Protection Act;
   - The Equal Pay Act;
   - The Fair Labor Standards Act ("FLSA");
   - The Plaintiff Retirement Income Security Act (ERISA);
   - The Americans with Disabilities Act of 1990;
   - The Rehabilitation Act of 1973;
   - The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
   - The Occupational Safety and Health Act;
   - The Florida Civil Rights Act, Chapter 760, Florida Statutes;
   - The Florida Private Whistle-blower's Act of 1991;

_____ Stacy A. Hill   _____ TASTE RITE, INC.
_____ PUERTO SECO, INC. _____ Lynden Gordon   _____ Jennifer Clarke

**Exhibit A**
**Joint Motion for Approval of Settlement**
**Agreement and Dismissal of Case with Prejudice - 1**

*Settlement Agreement and General Release*

- Workers' Compensation claims;
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;
- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties; and
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties.

In consideration for the mutual promises exchanged herein, Plaintiff releases and forever discharges Defendants and all Released Parties from any and all claims of any kind that Plaintiff had, now has, or hereinafter could, should or may have against Defendants, whether known or unknown, by reason of any acts, omissions, events, matters, causes, facts or things occurring or existing prior to the date this Settlement Agreement is fully executed and unconditionally delivered by the Parties. Upon execution of this Settlement Agreement and Release, Plaintiff hereby explicitly waives the right to file suit in any court of competent jurisdiction based on anything arising out of her employment with Defendants. The Defendants agree it will not contest any application(s) for unemployment compensation benefits submitted by Plaintiff to Florida's Department of Economic Opportunity.

In further consideration for the promises contained in this Agreement, specifically the waiver of all claims arising separately from the FLSA, Defendants unconditionally releases and discharges Plaintiff from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, that it now owns or holds, or has owned or held against the Plaintiff, limited to any and all claims, demands, liabilities, causes of action, and all incurred attorneys' fees and costs, that arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendant, or that arise out of or are in any way connected with any loss, damage, or injury whatsoever to Defendants resulting from any act or omission by or on the part of the Plaintiff related to her employment with Defendants, prior to the date of this Settlement Agreement.

This Settlement Agreement shall affect the release of all claims that were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *STACY A. HILL v. TASTE RITE, INC. d/b/a Taste Rite, PUERTO SECO INC. d/b/a Rite, LYNDEN GORDON and JENNIFER CLARKE* (collectively the "Defendants") CASE NO.: 0:20-cv-61445-RAR, pending before the United States District Court for the Southern District of Florida (hereinafter referred to as the "Litigation") as well as any other claim, charge, or allegation of damages of any kind.

_____ Stacy A. Hill  _____ TASTE RITE, INC.
_____ PUERTO SECO, INC. _____ Lynden Gordon. _____ Jennifer Clarke

**Exhibit A
Joint Motion for Approval of Settlement
Agreement and Dismissal of Case with Prejudice - 2**

*Settlement Agreement and General Release*

Plaintiff represents that she will promptly dismiss or cause to be dismissed any and all claims of any kind against Defendants within 3 days of receipt of payment.

The Parties acknowledge that by executing this Settlement Agreement and General Release, the Parties are hereby releasing all claims known and unknown, asserted or unasserted, which the Defendants has against Plaintiff, and which Plaintiff has against Defendants as of the date of execution of this Settlement Agreement and General Release.

2. **Settlement Amount and Attorneys' Fees**. In consideration of the mutual promises exchanged herein, Defendants shall pay the total sum of TWELVE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($12,500.00) (the "Settlement Funds"), and shall be disbursed by Plaintiff's Counsel, Saenz & Anderson, PLLC, and allocated as follows:

a. Plaintiff shall receive as alleged unpaid wages, liquidated and other damages, the total amount of Six Thousand Seven Hundred and Sixty Dollars and 00/100 Cents ($6,760.00), of which Three Thousand Three Hundred Eighty Dollars represent unpaid wages ($3,380.00) and Three Thousand Three Hundred Eighty Dollars ($3,380.00) represent liquidated damages, within five (5) calendar days of her execution of this Settlement Agreement and General Release; and

b. Plaintiff's Counsel, Saenz & Anderson, PLLC, shall receive the total amount of Five Thousand Seven Hundred Dollars Forty and 00/100 Cents ($5,740.00), of which includes Five Thousand One Hundred Dollars and 00/100 Cents ($5,100.00) represents attorneys' fees and Six Hundred and Forty Dollars and 00/100 Cents ($640.00) represents litigation costs, within five (5) calendar days of Plaintiff's execution of this Agreement and General Release.

The above-referenced Settlement Payment will be paid no later than five (5) calendar days from Plaintiff's execution of this Settlement Agreement and General Release[1]. The total sum Settlement Payment (Plaintiff's portion of the Settlement Payment (as identified in 2(a) and Plaintiff's counsel's portion of the Settlement Payment (as identified in 2(b)), in the amount of $12,500, will be paid via two (2) cashier's checks. Plaintiff's counsel will forward to Defendants' counsel a completed IRS Form W-9 for Saenz & Anderson, PLLC.

Plaintiff understands and agrees that she would not receive the Settlement Payment except for the fulfillment of the promises contained herein. In the event that Plaintiff claims that the Settlement Payment or any portion thereof is untimely, Plaintiff shall notify the Defendants by an email sent to Defendants and its lawyers, of untimely payment and shall provide the

---

[1] Plaintiff's counsel already received all settlement payments due on or about September 8, 2020. The Parties are awaiting this Court's approval of the Settlement Agreement and the dismissal with prejudice of this action so that all settlement moneys can be disbursed to Plaintiff and her counsel.

_____ Stacy A. Hill    _____ TASTE RITE, INC.
_____ PUERTO SECO, INC  _____ Lynden Gordon  _____ Jennifer Clarke

**Exhibit A**
**Joint Motion for Approval of Settlement**
**Agreement and Dismissal of Case with Prejudice - 3**

*Settlement Agreement and General Release*

Defendants with five (5) days to cure with curing period triggered by the above- referenced e-mail. If Defendants do not cure within five (5) day period, Plaintiff shall be entitled to:

    a.    An automatic judgment (jointly and severally) for the total amount of the settlement minus payments made plus $10,000. In liquidated damages; or (at Plaintiff's choice);

    b.    Reinstatement of the cause of action to the Court's docket to proceed to trial.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall jointly move the Court through Plaintiff filing a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice and jointly ask the Court to approve the terms of this Settlement Agreement, dismiss the Litigation with prejudice, to retain jurisdiction to enforce the terms of this Settlement Agreement, and for each side to bear its own fees and costs except as set forth herein.

Nothing in this Agreement prohibits Plaintiff from filing a charge or complaint with, or from participating in an investigation or proceeding conducted by the EEOC, the National Labor Relations Board ("NLRB"), the Florida Commission on Human Relations ("FCHR"), or any similar federal, state, or local agency. Plaintiff, however, waives, foregoes, and relinquishes the recovery of any legal and/or equitable relief that she may claim, or receive, or that any individual or entity may seek or recover on Plaintiff's behalf, in conjunction with any charge, investigation, or proceeding conducted by or before the EEOC, NLRB, FCHR, or any similar federal, state, or local agency.

    3.    **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, its directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities, obligations asserted, imposed, and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages and/or other compensation, including, without limitation, Plaintiff, the IRS, or any other person.

    4.    **Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be experts in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in negotiating this Settlement Agreement or the Litigation or in negotiating of this Settlement Agreement.

    5.    **Non-Admission Clause.** By entering into this Agreement, Plaintiff and Defendant acknowledge and agree that nothing in this Settlement Agreement is meant to suggest that

_____ Stacy A. Hill  _____ TASTE RITE, INC.
_____ PUERTO SECO, INC.  _____ Lynden Gordon.  _____ Jennifer Clarke

**Exhibit A**
**Joint Motion for Approval of Settlement**
**Agreement and Dismissal of Case with Prejudice - 4**

*Settlement Agreement and General Release*

Defendants have violated any law or contract or that Plaintiff has any claim against Defendants. Defendant explicitly denies any violation of law, including any liability under the FLSA. Plaintiff agrees and understands that the amounts paid by or on behalf of Defendants pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that Defendant expressly and vigorously denies that Plaintiff is entitled to receive any relief whatsoever. The Parties agree and acknowledge that there are good faith, bona fide disputes between Plaintiff and Defendants, including whether Plaintiff is entitled to receive any damages. The Parties further agree and acknowledge that this Settlement Agreement represents a fair, reasonable, good faith, and arms-length resolution of disputed issues and claims. Plaintiff represents, warrants, and acknowledges that Defendants do not owe her any wages, other compensation, or payments of any kind or nature, other than as set forth in this Settlement Agreement.

6. **Non-Disparagement**. Plaintiff agrees not to make critical, negative, or disparaging remarks to others about Defendants, its business, products, services, clients, or agents. She also agrees not to disclose personal or private information about Defendants, its business, products, services, employees, or agents. Plaintiff agrees she will not encourage, directly or indirectly, any current employee of Defendants to cease employment with Defendants. Plaintiff further agrees that, with the exception of her participation in any government investigation or responsive to a subpoena, that Plaintiff will not encourage, directly or indirectly, instruct, or otherwise cause or assist any current or former employee to commence any lawsuit or government investigation against Defendants. Plaintiff agrees she will not encourage, directly or indirectly, or otherwise cause any current or former client, or business associate of Defendants to cease working with Defendants. Plaintiff understands and agrees that breach of this provision of the contract represents a material breach. The Defendants' Control Group, which is comprised of the current owners, officers, and managers of Defendant companies (the "**Control Group**"), agree that they will not make demeaning, disparaging, and/or derogatory remarks to third parties regarding Plaintiff.

7. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendant shall not be required to provide anything more than dates of employment, position held by Plaintiff while working for Defendant, and her rate of pay. The Defendants agree to not disparage Plaintiff during such communications or to inform the contacting party of Plaintiff's lawsuit or the underlying facts leading up to or the existence or substance of this Settlement Agreement and General Release.

8. **No Re-Hire / No-Reinstatement.** Plaintiff agrees never to apply for employment and/or seek work directly or indirectly with Defendants or any business owned by or contracted by Defendants, and/or any of its predecessors, successors and assigns, parent companies, subsidiary companies, affiliated corporations, or those owned by the same

_____ Stacy A. Hill _____ TASTE RITE, INC. _____
_____ PUERTO SECO, INC. _____ Lynden Gordon _____ Jennifer Clarke

**Exhibit A
Joint Motion for Approval of Settlement
Agreement and Dismissal of Case with Prejudice - 5**

*Settlement Agreement and General Release*

owners as Defendants. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. In consideration for the payments made by Defendants under this Agreement, and in light of the irreconcilable differences between Plaintiff and Defendants, Plaintiff acknowledges and agrees that she is not entitled to, and will not accept, reemployment or reinstatement of employment with Defendants or any business owned, managed, or operated by Defendants. Plaintiff agrees that Defendants' refusal to rehire or employ her will not subject Defendants to liability on any grounds. Plaintiff is permanently trespassed from any location owned, managed, or operated by Defendants or any of the same owners as Defendants. Should Plaintiff and/or Defendants discover that Plaintiff has violated this Paragraph, Plaintiff will immediately resign and/or Defendant(s) will immediately terminate the employment relationship and Plaintiff shall be entitled to be paid for all hours worked prior to termination.

9. **Representation by the Plaintiff.** Plaintiff represents that, as of the date that this Agreement is executed, she is not aware of any additional claims that she may have against any of the Released Parties, and the Plaintiff hereby certifies that she has not filed any claim (except the Litigation), and do not intend to file any claims, demands, liabilities, and/or causes of action against any of the Released Parties for actions that occurred prior to the date of this Settlement Agreement, related to her employment, and/ or involving Plaintiff's employment, other than claims to enforce this Agreement.

10. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida, which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the District Court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Broward County, Florida. In any action or proceeding, including but not limited to appellate proceedings, relating to or arising out of this Settlement Agreement, the Parties agree that the Court specifically reserves the right to award attorney's fees for enforcement of the Settlement Agreement.

12. **Jury Waiver.** Each party expressly waives any right to have any dispute arising out of this Agreement tried by a jury.

_____ Stacy A. Hill _____ TASTE RITE, INC. _____
_____ PUERTO SECO, INC. _____ Lynden Gordon. _____ Jennifer Clarke

**Exhibit A**
**Joint Motion for Approval of Settlement**
**Agreement and Dismissal of Case with Prejudice - 6**

*Settlement Agreement and General Release*

13. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

14. **Entire Agreement.** This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these Parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

15. **Enforcement.** The Parties stipulate that the Court shall retain jurisdiction to enforce this Settlement Agreement and General Release. In the event any action is commenced to enforce said Settlement Agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to reasonable fees and costs incurred by the party (through and including appeals).

16. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that she/it/they are entering into this Agreement freely and voluntarily and with complete understanding of all the rights she/it/they is/are waiving in this Settlement Agreement and of the irrevocable nature of same. Plaintiff and Defendants acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement.

17. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

18. **Acknowledgments and Affirmations.** Plaintiff affirms that she has not filed, or presently is a party to any charge or investigation against Releasees with any federal or local agency. Plaintiff further waives the rights and claims set forth above in paragraph 1 and agrees not to institute, or have instituted by anyone, a lawsuit against the Releasees based on any such claims or rights.

19. **Construction.** Plaintiff and Defendant have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship

_____ Stacy A. Hill _____ TASTE RITE, INC. _____
_____ PUERTO SECO, INC. _____ Lynden Gordon. _____ Jennifer Clarke

**Exhibit A**
**Joint Motion for Approval of Settlement**
**Agreement and Dismissal of Case with Prejudice - 7**

*Settlement Agreement and General Release*

by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

20. **Headings**. The Parties agree that the headings used in this Settlement Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

21. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

22. **Representations.** By signing this Agreement the Parties represent that they have read this entire document and understands all of its terms.

**NOTWITHSTANDING THE ABOVE, PLAINTIFF ACKNOWLEDGES THAT SHE IS NOT RELEASING: ANY CLAIM THAT RELATES TO ANY RIGHTS SHE MIGHT HAVE TO FILE A CLAIM FOR UNEMPLOYMENT COMPENSATION OR TO VESTED BENEFITS UNDER ANY EMPLOYEE RETIREMENT PLAN SPONSORED BY DEFENDANT(S); ANY RIGHTS OR CLAIMS THAT MAY ARISE AFTER THIS AGREEMENT IS SIGNED; ANY RIGHTS OR CLAIMS THAT BY LAW CANNOT BE RELEASED IN THIS AGREEMENT; OR ANY RIGHTS OR CLAIMS TO ENFORCE THIS AGREEMENT.**

The Plaintiff expressly represents and warrants that she (a) has carefully read this Settlement Agreement; (b) fully understands the terms, conditions, and significance of this Settlement Agreement; (c) has had ample time to consider and negotiate this Settlement Agreement; (d) has had a full opportunity to review this Settlement Agreement with her attorneys, and has done so; and has (e) executed this Settlement Agreement-consisting of 23 numbered paragraphs and a total of 9 pages, voluntarily, knowingly, and with the advice of counsel.

*[Space Intentionally Left Blank]*

_____ Stacy A. Hill    _____ TASTE RITE, INC. _____
_____ PUERTO SECO, INC.    _____ Lynden Gordon.    _____ Jennifer Clarke

**Exhibit A
Joint Motion for Approval of Settlement
Agreement and Dismissal of Case with Prejudice - 8**

*Settlement Agreement and General Release*

The parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

**STACY A. HILL**

By: _[signed S.Hill / ID BCbyFyERQg7FfizVRB1AgtD6]_

STACY A. HILL

Date: 10/16/2020

**TASTE RITE, INC.**

By: _[signed]_
Name: JENNIFER CLARKE / LYNDEN GORDON
Title: PRESIDENT / V PRESIDENT
Date: 10-16-20

**PUERTO SECO, INC.**

By: _[signed]_
Name: JENNIFER CLARKE / LYNDEN GORDON
Title: PRESIDENT / V. PRESIDENT
Date: 10-16-20

**LYNDEN GORDON**

Signed: _[signed]_
Date: 10-16-20

**JENNIFER CLARKE**

Signed: _[signed]_
Date: 10/16/20

_[signed S.Hill]_ Stacy A. Hill _____ TASTE RITE, INC. _[signed]_
_[signed]_ PUERTO SECO, INC. _____ Lynden Gordon _[signed]_ Jennifer Clarke

**Exhibit A**
**Joint Motion for Approval of Settlement**
**Agreement and Dismissal of Case with Prejudice - 9**

## eSignature Details

**Signer ID:** BCbyFyERQg7FfizVRB1AgtD6
**Signed by:** Stacy A Hill
**Sent to email:** hillstacy27@yahoo.com
**IP Address:** 99.90.52.96
**Signed at:** Oct 16 2020, 10:37 am EDT

Exhibit A
**Joint Motion for Approval of Settlement
Agreement and Dismissal of Case with Prejudice - 10**